## BOLES v. ADAMS. (No. 1388.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 7, 1915.)

APPEARANCE ⊙⟷24—WAIVER OF DEFECTS IN PROCESS.

Any defect in the citation in naming an impossible date for defendant's appearance was waived by defendant's answer to the merits, after refusal to quash the citation.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. ⊙⟷24.]

Appeal from Smith County Court; Jesse F. Odon, Judge.

Action by James R. Adams against W. H. Boles. Judgment for plaintiff, and defendant appeals. Affirmed.

W. R. Bishop, of Athens, for appellant. Price & Beaird, of Tyler, for appellee.

HODGES, J. The appellant in this case appeals from the judgment rendered against him on a promissory note and an open account.

The only error assigned is the action of the court in overruling appellant's motion to quash the citation served upon him. It is claimed that the citation was defective in naming an impossible date for the appellant's appearance in the court below. It is admitted that, after the court overruled the motion to quash the citation, the appellant answered, and the case was tried upon its merits, with all parties present. The transcript contains what purports to be a copy of the original citation. An inspection of this shows that it did not contain the defects pointed out by the appellant. But, even if the citation was defective, the fact that the appellant answered after the overruling of his motion to quash should, we think, be considered as a waiver of this defect in the service. There is nothing in the record which indicates that the appellant sustained any injury by reason of the action of the court in overruling his motion to quash. It is not claimed that this ruling led to the rendition of an improper judgment on the merits of the case.

The judgment will therefore be affirmed.